SHAUN KHOJAYAN (#197690)
ALEEN KHOJAYAN (#249329)
LAW OFFICES OF SHAUN KHOJAYAN
  & ASSOCIATES, P.L.C.
515 S. Flower Street, 19th Floor
Los Angeles, CA 90071
Tel.: (310) 274-6111
Fax: (310) 274-6211
Email: shaun@khojayan.com
Attorneys for Defendant Eatmon

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:  3:21-cr-02316-DMS |
| Plaintiff, | |
| v. | NOTICE OF MOTION AND DEFENDANT EATMON'S MOTION TO DISMISS THE COMPLAINT AND INFORMATION FOR OUTRAGEOUS GOVERNMENT MISCONDUCT, LACK OF PROBABLE CAUSE AND SUPPRESS EVIDENCE FROM THE FALSELY OBTAINED COMPLAINT |
| JAMIRON EMANUEL EATMON, | |
| Defendant. | |
| | (Motion No. 2) |
| | Hearing Date: January 27, 2023<br>Time: 11:00 a.m. |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................... ii

I.    BACKGROUND ...................................................................................1

II.   ARGUMENT .......................................................................................2

      A. Unsubstantiated Representations Regarding Case Initiation ...................3

      B. False Misrepresentations About Parcel Mailed on May 26, 2020
         ("Subject Parcel 1") ...................................................................4

      C. False Misrepresentations About Parcel Mailed On November 3,
         2020 Parcel ("Subject Parcel 2") .................................................8

      D. False Misrepresentations About Parcel Mailed on November 16,
         2020 ("Subject Parcel 3") .........................................................10

      E. *Franks* Hearing and Suppression of Evidence .......................................13

III.  CONCLUSION .................................................................................14

i.

**TABLE OF AUTHORITIES**

**Cases**

*Ewing v. City of Stockton*, 588 F.3d 1218 (9th Cir. 2009) ..................................... 13

*Franks v. Delaware*, 438 U.S. 154 (1978) ........................................................ 13

*United States v. Barrera-Moreno*, 951 F.2d 1089 (9th Cir. 1991).......................... 3

*United States v. Gonzalez, Inc.*, 412 F.3d 1102 (9th Cir. 2005).......................... 13

*United States v. McMurtrey*, 704 F.3d 502 (7th Cir. 2013) ................................. 14

*United States v. Perkins*, 850 F.3d 1109, 1123 (9th Cir. 2017) ................... passim

*United States v. Restrepo*, 930 F.2d 705 (9th Cir. 1991) ....................................... 2

*United States v. Ruiz*, 758 F.3d 1144 (9th Cir. 2014)............................................. 7

*United States v. Russell,* 411 U.S. 423 (1973)....................................................... 2

*United States v. Schultz*, 14 F.3d 103 (6th Cir. 1994) ........................................... 4

*United States v. Smith*, 924 F.2d 889 (9th Cir. 1991)............................................ 2

*United States v. Stanert*, 762 F.2d 775 (9th Cir. 1985), *amended by* 769
     F.2d 1410 (9th Cir. 1985) ................................................................................ 7

*United States v. Whitted*, 304 Fed. Appx. 52 (3rd Cir. 2008) ............................... 3

*Whiteley v. Warden*, 401 U.S. 560 (1971) ............................................................ 3

*Wong Sun v. United States*, 371 U.S. 471 (1963)................................................ 13

**Statutes**

21 U.S.C. § 841(a)(1) ............................................................................................ 1

**Rules**

Federal Rule of Criminal Procedure 4(a) ............................................................... 3

Federal Rule of Criminal Procedure 12(b)(3)(A).................................................... 3

**Constitutional Provisions**

U.S. Const. Amend. IV...................................................................................... 1, 3

U.S. Const. Amend. V ...................................................................................... 1, 2

PLEASE TAKE NOTICE that on January 27, 2023, at 11:00 a.m., or on any date and time as the Court may order, in Courtroom 13A the above-captioned Court, United States Courthouse, 333 W. Broadway, San Diego, CA 92101 before the Honorable Chief Judge Dana Sabraw, defendant Jamiron Eatmon moves for an order to dismiss the Complaint and Information for Outrageous Government Misconduct, for Lack of Probable Cause and to Suppress Evidence seized as a result of the False Complaint.

This motion is further based on the 4th and 5th Amendments to the United States Constitution, the files and records in this case, the following Memorandum of Points and Authorities, and any additional arguments that may be presented at or before the hearing on this motion.

## I. BACKGROUND

On May 26, 2021, United States Magistrate Michael S. Berg authorized a three count criminal complaint and arrest warrant charging Mr. Eatmon with one count of Possession with Intent to Distribute Methamphetamine and two counts of Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1).

However, the criminal complaint and ensuing arrest warrant were based on willfully false and misleading information provided to the Court.

Absent the false and misleading representations, there was insufficient probable cause against Mr. Eatmon.

The false representations included false confirmations about his identity from post office videos that left out material information to the Court that the suspect in each video was a different person who wore a mask (during the COVID pandemic), glasses or sunglasses, and sometimes a hoodie making the postal inspector's alleged positive identification impossible. By not providing the videos or still images from the videos showing the differing suspects as compared to the lone DMV photo of Mr. Eatmon, the affiant left the magistrate with the false impression that the post

office images were of Mr. Eatmon.

As a result of that falsely obtained complaint and arrest warrant, Homeland Security Investigations agents entered Mr. Eatmon's name into the Department of Homeland Security's Traveler Enforcement Compliance System ("TECS") with a request to detain and send Mr. Eatmon to secondary inspection upon his entry into the United States.

Based on the NCIC and TECS alert, on July 14, 2021, Customs and Border Patrol officers sent Mr. Eatmon to secondary inspection and searched Mr. Eatmon's person and entire vehicle pursuant to a border search. As a result, CBP Officers seized Mr. Eatmon's U.S. currency, Apple iPhone, System76 brand laptop and Apple MacBook from his car.

Therefore, in addition to the complaint being dismissed, Mr. Eatmon moves the Court to suppress all evidence that resulted from the searches from the arrest due to the falsely obtained complaint and arrest warrant.

## II.   ARGUMENT

The Fifth Amendment to the Constitution commands that "[n]o person shall… be deprived of life, liberty, or property without due process of law." U.S. Const. Amend. V. The Due Process Clause stands as a bar to the Government invoking judicial process to obtain a conviction when its conduct is "outrageous." *United States v. Russell*, 411 U.S. 423, 431–32 (1973). The outrageous government-conduct doctrine permits a court to dismiss an indictment when the Government engages in conduct "so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Smith*, 924 F.2d 889, 897 (9th Cir. 1991). Judicial scrutiny focuses solely on the government's actions— not the alleged actions of the criminal defendant. *United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir. 1991).

The Court also has inherent supervisory power "to remedy a constitutional or statutory violation; to protect judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; or to deter future illegal conduct." *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991).

A complaint that fails to allege probable cause should be dismissed. Federal Rule of Criminal Procedure 4(a) requires that a criminal complaint and supporting affidavit set forth "probable cause to believe an offense has been committed and that the defendant has committed it."

"The decisions of this [Supreme] Court concerning Fourth Amendment probable cause requirements before a warrant for either arrest or search can issue require that the judicial officer issuing such a warrant be supplied with sufficient information to support an ***independent judgment*** that probable cause exists for the warrant." *Whiteley v. Warden*, 401 U.S. 560, 564 (1971)(emphasis added).

Federal Rule of Criminal Procedure 12(b)(3)(A) authorizes pretrial motions concerning "defect[s] in instituting the prosecution." *See also United States v. Whitted*, 304 Fed. Appx. 52, 54 (3rd Cir. 2008) (motion to challenge lack of probable cause for arrest must be made pre-trial).

A. Unsubstantiated Representations Regarding Case Initiation

U.S. Postal Inspector Matt Carroll swore in his affidavit to the Complaint that on May 18, 2020 he had received a "lead" from USPIS analysts regarding P.O. Box 532614, San Diego, CA 92153, which was opened by Mr. Eatmon. Inspector Carroll stated that he believed that the P.O. Box was receiving the proceeds of narcotics sales via the US mail from the Tupelo, MS area. *See* Exhibit A (Complaint) at 4.

However, Inspector Carroll never provided or described evidence as to any proceeds being received from narcotics sales by May 18, 2020 or why he believed that Mr. Eatmon's P.O. Box was receiving proceeds from narcotics sales. There

was no description of the "lead," no statements from any witnesses and no physical evidence of narcotics or narcotics sale proceeds provided in the affidavit supporting the "lead."

Inspector Carroll also allegedly identified several suspicious parcels mailed from San Diego, CA, to several addresses in the Tupelo, MS area before any of the subject parcels listed in the Complaint without providing any details about these allegedly suspicious other packages.

Inspector Carroll failed to mention whether any of those packages (other than the subject parcels) had been searched, whether they contained drugs, whether any packages were seized, and whether any evidence had confirmed that any of these packages were related to controlled substances. Finally, Inspector Carroll provided no evidence that Mr. Eatmon sent those allegedly suspicious packages.

Inspector Carroll also stated that "several suspicious parcels" mailed from the San Diego area to several addresses in the Tupelo, MS area had a purported "direct association" to parcels mailed to Mr. Eatmon's P.O. Box 532614 – when no such "direct" association was explained or detailed in the affidavit. Ex. A at 4.

"While an officer's 'training and experience' may be considered in determining probable cause… it cannot substitute for the lack of evidentiary nexus" between criminal activity and the thing or place to be searched. *United States v. Schultz*, 14 F.3d 103, 1097 (6th Cir. 1994).

B. False Misrepresentations About Parcel Mailed on May 26, 2020 ("Subject Parcel 1")

Inspector Carroll stated that he received an alert about a Priority Mail parcel bearing tracking number 9505 5144 9587 0147 5147 41 addressed to "Darren Weatherspoon 2750 Evans Circle, Tupelo, MS 38801" with the return address of "Alicia Weatherspoon 1516 Hicks St. Oceanside, CA 92054" that was mailed from Carlsbad, CA on May 26, 2020. The package was sent for further investigation by

USPIS personnel.

The return and addressee names for the parcel were not Mr. Eatmon.

Inspector Carroll then swore that after reviewing the surveillance video from the Carlsbad Main Post Office and Mr. Eatmon's lone DMV photo, he identified Mr. Eatmon as mailing Subject Parcel 1. However, this was a knowingly false misrepresentation with a reckless disregard for the truth because the surveillance video only showed what appeared to be an African-American male ***wearing a mask and glasses*** which made his face and appearance unable to be determined and which facts Inspector Carroll ***omitted*** from his affidavit.

Here is a still image from the post office video from May 26, 2020 that U.S. Postal Inspector Carroll swore was Mr. Eatmon based on Inspector Carroll's comparison of the video to only Mr. Eatmon's DMV photo:



Bates 50.03.

Here is a lone image of Jamiron Eatmon from his DMV Photo that U.S. Postal Inspector Carroll relied on:



Bates 10.

Inspector Carroll knowingly and willfully misled the Court when he said that this image from the post office video was of Mr. Eatmon when he did not provide the video, still image and DMV photo that he relied on and **omitted** that the male in the video was ***wearing a mask, had different hair and had glasses on.*** The omission of the video and these facts were a knowing misrepresentation of the surveillance image and gave a false aura of reliability of that identification to the magistrate to issue the complaint and arrest warrant. *See United States v. Perkins*, 850 F.3d 1109, 1123 (9th Cir. 2017) (government agent acted with at least reckless disregard for the truth when he failed to furnish copies of alleged child pornography to the magistrate and misleadingly characterizing the image as child pornography; the material omission warranted suppression).

Inspector Carroll's omissions and misrepresentations "reveal a clear, intentional pattern" as comparable to Agent Ensley's actions in *Perkins*: "he selectively included information bolstering probable cause, while omitting

information that did not. We have recognized that an affiant can mislead a magistrate '[b]y reporting less than the total story, [thereby] . . . manipulat[ing] the inferences a magistrate will draw.'" *Perkins*, 850 F.3d at 1117 (quoting *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985), *amended by* 769 F.2d 1410 (9th Cir. 1985)).

Inspector Carroll, like Agent Ensley, presented a skewed version of events and overstated the incriminating nature of the images.

The Ninth Circuit made clear that Agent Ensley's opinion about the image was not a reliable substitute for the image itself especially given that Agent Ensley knowingly excluded relevant information and another officer's opinion that the image was not lascivious.

"By providing an incomplete and misleading recitation of the facts and withholding the images, Agent Ensley effectively usurped the magistrate's duty to conduct an independent evaluation of probable cause." *Perkins*, 850 F.3d at 1117-19 (internal citations omitted). "Agent Ensley was required to provide copies of the images for the magistrate's independent review. Instead, he merely proffered his own conclusion about the 989.jpg image, based on an incomplete and misleading description of the image. This was a breach of the duty Agent Ensley owed to the court." *Perkins*, 850 F.3d at 1119 (citing *United States v. Ruiz*, 758 F.3d 1144, 1149 (9th Cir. 2014)).

In addition, Inspector Carroll swore that a canine Asta-D alerted to the presence of the odor of controlled substances for this parcel. However, this statement was also misleading because Inspector Carroll omitted proof that the canine was not certified or trained in the detection of Fentanyl, the only narcotic found in the parcel. *See* Ex. B (Canine Asta-D's certification).

C. <u>False Misrepresentations About Parcel Mailed On November 3, 2020 Parcel ("Subject Parcel 2")</u>

Inspector Carroll stated that he was alerted to Priority Mail parcel bearing tracking number 9505 5158 1253 0308 4648 33 addressed to "Tayanda Armstrong 389 County Road 125 Houlka, MS 38850," with the return address of "Evan Brower 2007 Estrella Road Prescott, AZ, 86305" that was mailed from Imperial Beach, CA on November 3, 2020.

After an inspector in Mississippi determined that the mailing address in Prescott, AZ did not show anyone by the surname of Brower living there and after a narcotics detector alerted to the package, they searched the package finding methamphetamine.

The return and addressee names on the parcel were not Mr. Eatmon.

Yet, again, Inspector Carroll swore that based upon his review of the surveillance video of the mailing of Subject Parcel 2 from the Imperial Beach Main Post Office and only Mr. Eatmon's DMV photo, he believed Mr. Eatmon was the individual who mailed the parcel.

However, again, the November 3, 2020 surveillance video only showed what appeared to be a different African-American male ***wearing a mask, sunglasses and hoodie*** that made his face and appearance unable to be determined -- facts that Inspector Carroll ***omitted*** from his affidavit which made his affidavit a knowingly false misrepresentation with a reckless disregard for the truth:



Bates 50.05.

Again, this is the lone image of Mr. Eatmon from his DMV photo that Inspector Carroll compared to this video and swore that he identified Mr. Eatmon:



Bates 10.

Inspector Carroll's knowing and willful ***omission*** that the male in the video looked different that the male in the video from Parcel 1, was masked with sunglasses and a hoodie, while not providing a copy of the image and the DMV photo gave a false aura of the reliability of identification to the magistrate to issue the complaint and arrest warrant. *See Perkins*, 850 F.3d at 1123. Again, like Agent

Ensley in *Perkins*, Inspector Carroll provided an incomplete and misleading recitation of the facts that effectively usurped the magistrate's duty to conduct an independent evaluation of probable cause.

    D. <u>False Misrepresentations About Parcel Mailed on November 16, 2020 ("Subject Parcel 3")</u>

On November 20, 2020, Postal Inspector C. Tutor searched parcel bearing tracking number 9505 5138 1726 0321 4157 10 addressed to "Jeffrey Flemings P.O. Box 622 Verona, MS 38879" with the return address of "Bill Williamson 2993 W. Lodgepole Lane Show Low, AZ 85901" that was mailed from Chula Vista, CA" on November 16, 2020.

Inspector Carroll swore in this probable cause statement in support of the Complaint that the package was suspicious because "the recipient address could not be located with the name of the individual [Jeffrey Flemings] listed as the recipient." Ex. A at 8.

However, this was a willfully false and misleading statement because in the affidavit to the search warrant filed in the Northern District of Mississippi for that package, U.S. Postal Inspector Charlie Tutor swore that "Jeffrey Flemings does show to have used the address." *See* Ex. C (Tutor's Affidavit to Search Warrant to Parcel #9505 5100 1303 1081 4044 19) at 3.

The government also had evidence that showed that the recipient P.O. Box was associated with the Flemings last name – Brenda Fleming and Karlton Fleming. *See* Ex. D (Application for P.O. Box from Brenda Fleming, Bates 211).

For Inspector Carroll to say that the recipient address could not be located with the name of the individual listed as the recipient, while omitting that Jeffrey Flemings had used the address and two other people named Fleming were associated with the P.O. Box, gave the false and misleading representation that the name Flemings had no association whatsoever with the recipient P.O. Box.

10.

Further, again, Inspector Carroll stated that after reviewing Mr. Eatmon's driver's license and a November 16, 2020 surveillance video from the post office, he identified Mr. Eatmon as mailing Subject Parcel 3.

However, the surveillance video only showed what appeared to be an another African-American male *wearing a mask, hoodie, and sunglasses* that made his face and appearance unable to be determined -- facts that Inspector Carroll *omitted* from his affidavit which made his affidavit a knowingly false misrepresentation with a reckless disregard for the truth:



Bates 50.07.

Again, this is the lone DMV photo that Inspector Carroll compared to this video above and swore that he identified Mr. Eatmon:



11.

Bates 10.

Inspector Carroll's **omission** that the male in this November 16, 2020 video looked different than the males at the post office in reference to Parcels 1 and 2, was wearing a mask, hoodie and sunglasses and not providing a copy of the image and the DMV photo gave a false aura of the reliability of identification to the magistrate to issue the complaint and arrest warrant. *See Perkins*, 850 F.3d at 1123. Inspector Carroll provided an incomplete and misleading recitation of the facts that effectively usurped the magistrate's duty to conduct an independent evaluation of probable cause.

Absent the false and misleading identification of Mr. Eatmon as the mailer of Subject Parcel 3, Inspector Carroll swore no other evidence that showed that Mr. Eatmon was connected to Parcel 3.

In summary, the government violated the defendant's Due Process rights and the integrity of these proceedings when the government's agent knowingly and willfully made several false and misleading statements to the Court to secure the Complaint against defendant including but not limited to:

- Inspector Carroll did not provide any specific evidence as to any proceeds being received from narcotics sales by May 18, 2020 or why he believed that Mr. Eatmon's P.O. Box was receiving proceeds from narcotics sales.

- Inspector Carroll failed to mention that other than the Subject Parcels none of the "suspicious" packages had been searched, were found to have any drugs, were seized, or confirmed to relate to controlled substances. Finally, no evidence pointed to Mr. Eatmon having sent those packages.

- Inspector Carroll falsely identified Mr. Eatmon as dropping off the three parcels in the Complaint while **omitting** that the surveillance videos showed **different** African-American males **wearing masks and glasses and twice a hoodie** that made the depicted person's face and appearance virtually

impossible to be determined, let alone match the lone image of Mr. Eatmon from his driver's license. Omitting such important facts knowingly misled the Court to sign off on the Complaint and arrest warrant.

- Inspector Carroll swore in this affidavit in support of the Complaint that the package mailed on November 16, 2020 was suspicious because "the recipient address could not be located with the name of the individual listed as the recipient." Ex. A at 8. However, this was a knowingly misleading and false statement because in the affidavit to the search warrant for the package U.S. Postal Inspector Charlie Tutor had stated that recipient "Jeffrey Flemings does show to have used the address."

To preserve the integrity of these proceedings and to deter future illegal conduct, these willful, false and misleading statements to the Court cannot go unpunished. The Court should dismiss this Complaint and Information to remedy this outrageous conduct.

Absent these false and misleading representations, there was no probable cause that Mr. Eatmon had committed the crimes charged and an arrest warrant should not have been issued and the Complaint and Information should be dismissed. *Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009).

Further, the evidence seized from Mr. Eatmon as a result of the improperly obtained complaint and arrest warrant violated the Fourth Amendment, and searches of those items and their fruits, should be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 484 (1963).

E. *Franks* Hearing and Suppression of Evidence

Mr. Eatmon requests a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). The defendant need not present clear proof that misrepresentations were deliberate or reckless in order to obtain a *Franks* hearing; all that is needed is a substantial showing. *United States v. Gonzalez, Inc.*, 412 F.3d 1102, 1111 (9th Cir.

13.

2005); *see also United States v. McMurtrey*, 704 F.3d 502, 510 (7th Cir. 2013) (holding that in determining whether to grant a *Franks* hearing the court should not consider the government's explanation of contradictions and discrepancies).

## III.  CONCLUSION

Therefore, Mr. Eatmon respectfully requests that the instant motion be granted, the Complaint and Information be dismissed and the evidence obtained as a result of the falsely obtained complaint and their fruits be suppressed.

Respectfully submitted,

Dated:  January 12, 2023
                              s/Shaun Khojayan
                              s/Aleen Khojayan
                              Attorneys for Defendant Jamiron Eatmon

EXHIBIT A

# SEALED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**21-MJ-2126**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | MAGISTRATE CASE NO.: |
| ) | |
| Plaintiff, ) | COMPLAINT FOR VIOLATIONS OF: |
| v. ) | Title 21 U.S.C. Sec. 841(a)(1) |
| ) | (Possession with intent to distribute |
| Jamiron Emanuel EATMON, ) | Methamphetamine); |
| ) | Title 21 U.S.C. Sec. 841(a)(1) |
| Defendant. ) | (Possession with intent to distribute |
| ) | Fentanyl); and |
| ) | Title 21 U.S.C. Sec. 841(a)(1) |
| ) | (Possession with intent to distribute |
| ) | Fentanyl) |

The undersigned Complainant, being duly sworn, states:

### Count One

On November 3, 2020, within the Southern District of California, defendant Jamiron Emanuel EATMON did knowingly and intentionally possess with intent to distribute 50 grams and more of a mixture and containing a detectable amount of methamphetamine, to wit approximately 1.78 kilograms, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

### Count Two

On May 26, 2020, within the Southern District of California, defendant Jamiron Emanuel EATMON did knowingly and intentionally possess with intent to distribute 40 grams and more of a mixture or substance containing a detectable amount of N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (Fentanyl), a Schedule II Controlled Substance, to wit, approximately 126 grams, in violation of Title 21, United States Code, Sections 841(a)(1).

//

//

1

1          <u>Count Three</u>

2          On November 16, 2020, within the Southern District of California, defendant

3  Jamiron Emanuel EATMON did knowingly and intentionally possess with intent to

4  distribute 40 grams and more of a mixture or substance containing a detectable

5  amount of N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (Fentanyl),

6  a Schedule II Controlled Substance, to wit, approximately 109 grams, in violation

7  of Title 21, United States Code, Sections 841(a)(1).

8          And the complainant states that this complaint is based on the attached

9  Probable Cause Statement incorporated herein by reference.

10

11

12  _____

13          Matt Carroll
         Postal Inspector

14

15  Sworn and attested to under oath by telephone, in accordance with Federal Rule of

16  Criminal Procedure 4.1 on May 27, 2021.
                              26th

17

18  _____

19          The Honorable Michael S. Berg
         United States Magistrate Judge

20

21

22

23

24

25

26

27

2

1            **PROBABLE CAUSE STATEMENT**

2    *Affiant's Training and Experience*

3           I am a Federal Agent employed as an inspector by the United States Postal

4 Inspection Service (USPIS). I am an "investigative or law enforcement officer" of

5 the United States within the meaning of 18 U.S.C. 2510(7) and a federal law

6 enforcement officer pursuant to Fed. R. Crim. P. 41(a)(2)(C). I am empowered by

7 law to conduct investigations of, and to make arrests for, offenses enumerated in 18

8 U.S.C. 3061.

9           I have been employed as a United States Postal Inspector since June 2012.

10 From June 2012 through September 2012, I attended the Basic Postal Inspector

11 Academy. I am a member of the San Diego Contraband Interdiction and

12 Investigations ("CI2") Team. Prior to this assignment, I was assigned to the US

13 Postal Inspection Service's Mail Theft and Violent Crimes and the Mail Fraud and

14 Money Laundering teams in San Francisco, California and the Mail Theft and

15 Violent Crimes team in San Diego, California. I have had formal training in

16 controlled substance investigations and become familiar with the manner in which

17 controlled substances are packaged, marketed, cultivated, manufactured and

18 consumed.

19           I also serve as an Anti-Money Laundering ("AML") program specialist for

20 the USPIS which involves conducting investigations and providing expertise on

21 money laundering and bank secrecy act enforcement.

22           I have a Master's Degree in Accounting and an active Certified Public

23 Accountant ("CPA") license in the State of Massachusetts. Additionally, I hold the

24 private industry computer certifications CompTIA A+ and Security+ which cover

25 computer/network repair and data/network security, respectively. Over the course

26 of my employment, I have attended training courses related to identity theft, money

27

EATMON-000003.03

1  laundering, bitcoin and cryptocurrency, the dark web, cell phone investigations and
2  asset forfeiture among others.

3      My current duties include investigating violations of the federal Controlled
4  Substance Act and related offenses. I have also had training regarding the
5  investigation of individuals who use the U.S. mail to transport controlled substances
6  and proceeds from their sale, and who use Postal Money Orders to launder the
7  proceeds.

8  ***Investigation Initiation***

9      On May 18, 2020, I received a lead from USPIS analysts regarding the
10  following address: PO Box 532614, San Diego, CA 92153 (hereinafter "Box
11  532614"). Box 532614 in San Diego was believed to be receiving the proceeds of
12  controlled substance sales via the US Mail from the Tupelo, MS area.

13      On May 19, 2020, I obtained a copy of the Postal Service (PS) Form 1093 --
14  *Application for Post Office Box Service* -- for Box 532614. From that form, I
15  learned that Box 532614 was opened on January 25, 2020 by Jamiron EATMON
16  ("EATMON") who used the physical address of 2854 Evans Cir., Tupelo, MS
17  38801 and a phone number of (619) 240-4405 to open that box.

18      On May 20, 2020, I searched law enforcement databases. Through my
19  searches, I obtained a copy of EATMON's current Florida driver's license and his
20  driver's license photograph.

21      While using United States Postal Service ("USPS") databases, I identified
22  several suspicious parcels mailed from the San Diego, CA area to several addresses
23  in the Tupelo, MS area. Those parcels were determined to have a direct association
24  to parcels mailed to Box 532614, the box opened by EATMON, to include but not
25  limited to packages sent to the following addresses:

26  2750 EVANS CIR, TUPELO, MS 38801

27  PO BOX 622, VERONA, MS 38879

4

389 COUNTY ROAD 125, HOULKA, MS 38850

*Seizure of 943 Counterfeit M30 Oxycodone Pills Containing Fentanyl*

On May 27, 2020, I was alerted that Priority Mail parcel bearing tracking number 9505 5144 9587 0147 5147 41 addressed to "Darren Weatherspoon 2750 Evans Circle Tupelo, MS, 38801," with the return address of "Alicia Weatherspoon 1516 Hicks St Oceanside, CA, 92054" was mailed from Carlsbad, CA (within the Southern District of California) on May 26, 2021 (hereinafter "Subject Parcel 1"). On June 5, 2020, Subject Parcel 1 was sent to the USPIS San Diego Field Office for further investigation by USPIS personnel.

On June 8, 2020, after inspecting the parcel, I determined that Subject parcel 1 had various indicia raising suspicion including, but not limited to, being heavily sealed and using excessive tape; a return address with a name that could not be associated with that address; and a recipient address that also could not be located with the name of the individual listed as the recipient among others. On that same day, a trained and certified narcotics detection dog and the dog's Border Patrol handler conducted an exterior examination of Subject Parcel and the canine alerted to the presence of the odor of controlled substances on the parcel. Thereafter, on June 11, 2020, the Honorable Daniel E. Butcher authorized Southern District of California federal search warrant number 20MJ2263 for Subject Parcel 1.

On June 12, 2020, I searched Subject Parcel 1 pursuant to the warrant, and it was found to contain 126.3 grams of suspected counterfeit M30 oxycodone pills. One pill was selected at random and was field tested using the TruNarc Handheld Narcotics Analyzer which field tested positive for acetaminophen. I know from my training and experience that legitimate M30 oxycodone pills do not contain acetaminophen as an active ingredient; thus, these pills appeared to be counterfeit M30 Oxycodone pills containing fentanyl which are commonly referred to on the street as "blues" or "roxys".

EATMON-000003.05

1       A laboratory test was conducted by the US Postal Inspection Service's
2  National Forensic Laboratory ("USPIS FLS") on the pills contained in Subject
3  Parcel 1. USPIS FLS determined that 943 pills were contained inside Subject Parcel
4  1. One pill was selected at random by a USPIS FLS forensic chemist and was found
5  to contain N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide
6  ("fentanyl"), 4-anilino-N-phenethylpiperidine ("4-ANPP"), and acetaminophen.
7  The net weight of the pills and fragments (excluding the analyzed pill) was 105.27
8  $\pm$ 0.05 grams. Fentanyl and 4-ANPP are Schedule II controlled substances.

9       I have reviewed surveillance video of the mailing of Subject Parcel 1 from
10  the Carlsbad Main Post Office. I have reviewed EATMON's Florida driver's
11  license photograph, and, based upon my review of the surveillance video and the
12  photograph of EATMON, as well as the other information detailed herein, I believe
13  that EATMON was the individual who mailed Subject Parcel 1.

14       On June 5, 2020 while using USPS databases, I learned that phone number
15  (619) 240-4405 had called the USPS customer service hotline to inquire about
16  Subject Parcel 1. This is the same phone number listed on the Post Office Box
17  Application mentioned previously herein that was used by EATMON when he
18  opened the box. A DEA administrative subpoena was served on AT&T for
19  subscriber information associated to cellular phone number (619) 240-4405. AT&T
20  responded to the subpoena, and I learned that cellular phone number (619) 240-
21  4405 was assigned to the AT&T subscriber account of "Jamiron Eatmon."

22  ***Seizure of 1.7 Kilograms of Methamphetamine***

23       On November 4, 2020, I was alerted that Priority Mail parcel bearing tracking
24  number 9505 5158 1253 0308 4648 33 addressed to "Tayanda Armstrong 389
25  County Road 125 Houlka, MS, 38850," with the return address of "Evan Brower
26  2007 Estrella Road Prescott, AZ, 86305" was mailed from Imperial Beach, CA
27  (within the Southern District of California) on November 3, 2021 (hereinafter

EATMON-000003.06

1  "Subject Parcel 2"). On or about the same date, I referred Subject Parcel 2 to
2  Inspectors in Mississippi. On November 5, 2020, I was informed that Subject Parcel
3  2 had been intercepted by USPIS personnel.

4      On November 10, 2020, after an inspector in Mississippi determined that the
5  mailing address in Prescott, AZ did not show anyone by the surname of Brower
6  living at that address and after a narcotics detector dog alerted to the exterior of the
7  parcel, United States Magistrate Judge Dave Sanders, in the Northern District of
8  Mississippi, authorized a federal search warrant in Case number 1:20-MJ-35 for
9  Subject Parcel 2. On or about the same date, Postal Inspector C. Tutor searched the
10  parcel pursuant to the warrant, and it was found to contain approximately 4 pounds
11  of a clear, crystalline substance that Inspector Tutor recognized, based on his
12  training and experience, to be consistent with methamphetamine.

13      A lab test was conducted by the USPIS FLS on the clear, crystalline
14  substance contained in Subject Parcel 2. USPIS FLS determined that the clear,
15  crystalline substance was found to contain d-methamphetamine hydrochloride with
16  a $96 \pm 3\%$ purity and weighed $1,781.84 \pm 0.10$ grams. Methamphetamine is a
17  Schedule II controlled substance.

18      I have reviewed EATMON's Florida driver's license photograph, and, based
19  upon my review of the surveillance video of the mailing of Subject Parcel 2 from
20  the Imperial Beach Main Post Office, I believe that EATMON was the individual
21  who mailed Subject Parcel 2.

22  ***Seizure of 1,000 Counterfeit M30 Oxycodone Pills Containing Fentanyl***

23      On or about November 20, 2020, Inspector Tutor informed me that he had
24  intercepted Priority Mail parcel bearing tracking number 9505 5138 1726 0321
25  4157 10 addressed to "JEFFREY FLEMINGS PO BOX 622 VERONA, MS,
26  38879" with the return address of "BILL WILLIAMSON 2993 W LODGEPOLE
27  LANE SHOW LOW, AZ, 85901" which was mailed from Chula Vista, CA (within

EATMON-000003.07

1    the Southern District of California) on November 16, 2020 (hereinafter "Subject

2    Parcel 3").

3       On November 19, 2020, a Postal Inspector in Mississippi detained the subject

4    parcel at the Verona, MS Post Office. On that same day, after inspecting the parcel,

5    the Postal Inspector determined that the package included a return address with a

6    name that could not be associated with that address; and a recipient address that

7    also could not be located with the name of the individual listed as the recipient. In

8    addition the return address on the package was "Show Low, AZ" which was

9    determined to be eight hours from the mailing point in Chula Vista, CA. The

10    Honorable Jane M. Virden signed a search warrant in the Northern District of

11    Mississippi (4:20-MJ-1016) for Subject Parcel 3. On November 20, 2020, Postal

12    Inspector C. Tutor searched the parcel pursuant to the warrant, and it was found to

13    contain approximately 115.4 grams of suspected counterfeit M30 oxycodone pills.

14    Inspector Tutor and agents from the Mississippi state police attempted to conduct a

15    controlled delivery of Subject Parcel 3; however, the intended recipient never

16    picked up the parcel.

17       A laboratory test was conducted by the USPIS FLS on the pills contained in

18    Subject Parcel 3. USPIS FLS determined that 1,000 pills were contained inside

19    Subject Parcel 3. Two pills were selected at random by a USPIS FLS forensic

20    chemist and was found to contain fentanyl, 4-ANPP, and acetaminophen. The net

21    weight of the pills and fragments (excluding the analyzed pills) was $109.84 \pm 0.05$

22    grams. Fentanyl and 4-ANPP are Schedule II controlled substances.

23       I have reviewed EATMON's Florida driver's license photograph, and, based

24    upon my review of the surveillance video of the mailing of Subject Parcel 3 from

25    the Rancho Del Rey Post Office in Chula Vista, CA, I believe that EATMON was

26    the individual who mailed Subject Parcel 3.

27

EATMON-000003.08

1

## **MOTION FOR SEALING**

2          It is further respectfully requested that this Court issue an Order sealing, until
3   further order of this Court, all papers submitted in support of this complaint,
4   including the probable cause statement and arrest warrant. Sealing is necessary
5   because premature disclosure of the contents of this probable cause statement and
6   related documents may cause the defendant to flee, may cause destruction of
7   evidence, or otherwise have a negative impact on this continuing investigation.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

9

EATMON-000003.09

# SEALED

RANDY S. GROSSMAN
Acting United States Attorney
LAWRENCE A. CASPER
Assistant U.S. Attorney
California Bar No. 235110
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-6734
Email: lawrence.casper@usdoj.gov

Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | No. **21-MJ-2126** |
|---|---|
| Plaintiff, | MOTION TO SEAL COMPLAINT, ARREST WARRANT, THE SUPPORTING PROBABLE CAUSE STATEMENT, AND THIS MOTION AND ORDER THEREON |
| v. | |
| JAMIRON EMANUEL EATMON | **[UNDER SEAL]** |
| Defendant. | |

The United States of America, by its counsel, moves this Court for a Motion to Seal the 1) Complaint, 2) Arrest Warrant; 3) The Supporting Probable Cause Statement; and 4) this Motion and Order in the above-captioned matter.

These documents disclose an ongoing covert investigation. Notification of the existence of this complaint and arrest warrant may result in flight from prosecution, destruction of evidence, and otherwise seriously jeopardize the success of the investigation.

//

//

//

//

1        IT IS HEREBY ORDERED that the complaint, arrest warrant, and the supporting

2  probable cause statement, as well as this motion and Order, be sealed until otherwise

3  ordered by the Court.

4

5                                    Presented by:

6                                    RANDY S. GROSSMAN

7                                    United States Attorney

8

9  Date: May 26, 2021

10                             */s/ Lawrence A. Casper*
                                    LAWRENCE A. CASPER

11                                    Assistant U.S. Attorney

12        SO ORDERED.

13

14

15

16  DATED: May 26, 2021

17                            HONORABLE MICHAEL S. BERG
                            UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

2

EATMON-000003.11


EXHIBIT B



**U.S. Customs and
Border Protection**

February 5, 2020

## United States Customs and Border Protection
## Detection Canine Team Certification

On February 3, 2020 through February 5, 2020 Border Patrol Agent (BPA) Cary Parsoneault and Canine Asta-D (#021410) participated in the U.S. Customs and Border Protection Detection Canine Team Certification.

This certification is a comprehensive test designed to measure the ability of the canine and the handler in searching for, and indicating the presence of, concealed humans and controlled substances. The certification is administered in different environments, with a variety of distractions and is designed to duplicate actual field conditions which may be encountered by the canine team.

The team of BPA Parsoneault and Canine Asta-D successfully completed the U.S. Customs and Border Protection Detection Canine Team Certification on February 5, 2020 and effective this date are certified in the detection of concealed humans and the odors of Cocaine and its derivatives, Marijuana and its derivatives, Heroin and its derivatives, and Methamphetamine and its derivatives, and Ecstasy.

This certification is valid for a period of one year from the date of issuance.

*Cody Sadberry*
Cody Sadberry
Certifying Instructor
San Diego Sector

**EATMON-000286**



EXHIBIT C

# UNITED STATES DISTRICT COURT

for the

Northern District of Mississippi

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 4:20-MJ-1016-JMV
USPS Priority Mail Parcel )
9505 5138 1726 0321 4157 10 )
)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Northern_____ District of _____Mississippi_____
*(identify the person or describe the property to be searched and give its location)*:

One Priority Mail Parcel addressed to Jeffrey Flemings, PO Box 622, Verona, MS 38879, bearing tracking # 9505 5138 1726 0321 4157 10, being held at the Oxford, MS U.S. Postal Inspection Service Domicile, 401 McElroy Dr., Oxford, MS 38655.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

controlled substances, materials and documents reflecting the distribution of controlled substances through the U.S. Mails, including money and/or monetary instruments consisting of payment and/or proceeds relative to the distribution of controlled substances

**YOU ARE COMMANDED** to execute this warrant on or before _____November 28, 2020_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: November 19, 2020 @ 3:00 pm
Via phone

City and state: Greenville, MS

_____
*Judge's signature*

Jane M. Virden, United States Magistrate Judge
*Printed name and title*

EATMON-000062

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# UNITED STATES DISTRICT COURT

for the

Northern District of Mississippi

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

USPS Priority Mail Parcel
9505 5138 1726 0321 4157 10

Case No. 4:20-MJ-1016-JMV

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

One Priority Mail Parcel addressed to Jeffrey Flemings, PO Box 622, Verona, MS 38879, bearing tracking # 9505 5138 1726 0321 4157 10, being held at the Oxford, MS U.S. Postal Inspection Service Domicile.

located in the _____ Northern _____ District of _____ Mississippi _____ , there is now concealed *(identify the person or describe the property to be seized)*:

contraband, the fruits of a crime or thing otherwise criminally possessed,

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC, Section(s) 841(a)(1) and 843(b) | Controlled Substance |

The application is based on these facts:

See attached affidavit (ATTACHMENT 1) incorporated herein by reference and made part of this application.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Charlie Tutor, US Postal Inspector

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____ *(specify reliable electronic means).*

Date: November 19, 2020

City and state: Greenville MS

*Judge's signature*

Jane M. Virden, United States Magistrate Judge

*Printed name and title*

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT**

The undersigned, being duly sworn on oath, deposes and says:

1.     I, Charlie N. Tutor, have been a United States Postal Inspector since June 2013. I am currently assigned to the U.S. Postal Inspection Service Domicile in Oxford, Mississippi. I investigate incidents involving the use of the United States Mail for the purpose of transporting non-mailable matter, including controlled substances such as marijuana, cocaine, heroin, and steroids in violation of Title 21, United States Code, Sections 841(a)(1) and 843(b), and substances mailed in violation of Title 18, United States Code, Section 1716. During my law enforcement career, which includes eight years as a police officer, I have attended narcotics training classes and participated in multiple drug seizures where I have become familiar with the odor of marijuana. I have participated in search warrants and arrests where various illegal drugs have been recovered and documented. The following information has been obtained by me personally or has been provided to me by other law enforcement officers and postal employees. This affidavit only contains information necessary to support probable cause for a search warrant and is not intended to include every fact observed by your affiant or known to the government.

2.     Prior investigations by U.S. Postal Inspectors have determined that the U.S. Mails are being used to transmit controlled substances, and proceeds from controlled substances. In your affiant's training and experience, some areas of the country are known to be major sources for illegal drugs (drug source locations) are sent to the state of Mississippi. These major drug source locations include the states of California, Arizona, Texas, Colorado, Oregon, and Washington. In your affiant's training and experience, drugs flow from these drug source locations in Mississippi. In turn, proceeds from the sale of these illegal drugs in places like Mississippi are sent back to the drug source locations as payments for the illegal drugs. I have participated in numerous cases involving the mailing of controlled substances from these drug source locations in Mississippi and other areas. I have also been involved in numerous investigations where drug proceeds packages were seized enroute to these drug source locations in the U.S. Mail. My training and previous experience have made me familiar with the method and manner that drug traffickers use to move illegal drugs and drug proceeds through the U.S. Mail.

3.     Your affiant is aware that the distribution of illegal drugs and narcotics, and proceeds from the sales of these illegal drugs and narcotics through the U.S. mails can make U.S. Postal Service employees, and facilities, targets of crimes during the unknowing delivery of drug or proceeds packages. Your affiant is also

EATMON-000062.04

familiar with cases where U.S. Postal Service employees have been targeted for robbery because of packages known to contain illegal drugs and/or proceeds from the distribution of illegal drugs.

4.     On May 19, 2020, Inspector Tutor was notified by San Diego, CA US Postal Inspector M. Carroll of a suspicious package being shipped to 2750 Evans Cir., Tupelo, MS 38801. The suspect USPS Priority Mail parcel, 9505 5144 9587 0147 5147 41, was intercepted and Inspector Carroll obtained a search warrant for the parcel in the Southern District of CA. The suspect parcel contained approximately 126.3 grams of counterfeit M30 pill suspected of being fentanyl. Using USPS databases Inspector Carroll determined the suspects who shipped the suspected fentanyl, were tracking packages going to multiple addresses in the Tupelo, MS area. One address receiving related packages was identified as PO Box 622, Verona, MS 38879. Inspector Tutor began to monitor the suspect address.

5.     Inspector Tutor spoke to Tupelo Narcotics/DEA Task Force Officer Det. J. Henson about the fentanyl pills and he was familiar with them. Det. Henson stated the city of Tupelo has had multiple overdose fatalities related to the counterfeit M30/fentanyl pills.

6.     On November 19, 2020, Your Affiant, U.S. Postal Inspector C. Tutor, learned of a suspicious USPS Priority Parcel being mailed to PO Box 622, Verona, MS 38879. The below suspicious USPS Priority Mail parcel was mailed on November 16, 2020, from Chula Vista, CA and is described below:

> Priority Mail
> Tracking Number:     9505 5138 1726 0321 4157 10
>
> From:     Bill Williamson
>              2993 W Lodgepole Lane
>              Show Low, AZ 85901
>
> To:       Jeffrey Flemings
>              PO Box 622
>              Verona, MS 38879
>
> Weight:     2 lbs. 6.2 ounces

7.     On November 19, 2020, U.S. Postal Inspector C. Tutor detained the suspect parcel at the Verona, MS Post Office. A computerized address check via CLEAR (internet based records search databases)

2

EATMON-000062.05

was conducted on the receiving address Jeffrey Flemings, PO Box 622, Verona, MS 38879, and a Jeffrey Flemings does show to have used the address. A computerized address check via CLEAR was conducted on the return address of Bill Williamson, 2993 W Lodgepole Ln., Show Low, AZ 85901, and the return address was found to not exist. The suspect parcel was mailed from Chula Vista, CA which is approximately eight hours from the return address in Show Low, AZ. Based on my training and experience, persons involved in the distribution of controlled substances via the U.S. Mail will use fictitious address information or address packages to vacant residences, as well as a send packages with a waiver of signature request, or use partial names in an attempt to disassociate themselves from the controlled substances.

8.     No trained narcotics dog was used to inspect the parcel due to the fact fentanyl can be fatal to K9's and humans if inhaled.

9.     Based on my training and experience and the facts set forth in this affidavit, your affiant submits that there is probable cause to believe that controlled substances and/or assorted U.S. currency are being concealed in the mail package described above, and seeks the issuance of a search warrant directing the search of said package, the seizure of said mail article, any controlled substance(s) contained therein, and any enclosed materials relating to the distribution of controlled substances to included packing materials and assorted U.S. currency.

10.     USPS Priority Mail parcel 9505 5138 1726 0321 4157 10 has been maintained unopened in the custody of the undersigned agent in this District pending application for a search warrant.

Charlie N. Tutor
U. S. Postal Inspector

Sworn to and subscribed before me this
19th day of November 2020, at 3 : 00
Oxford, Mississippi

Jane M. Virden
United States Magistrate Judge

3

EATMON-000062.06


EXHIBIT D

# Application for Post Office™ Box or Caller Service – Part 2

## Special Orders

16. Postmaster: The following named persons or representatives of the organization listed below are authorized to **accept** mail addressed to this (these) Post Office box(es) or caller number(s). All names listed must have verifiable ID. *(Continue on reverse side.)*

a. Name of Box Customer *(Same as item 1)*

Brenda Fleming

b. Name(s) of Applicant(s) *(Same as item 3)*

**Customer Note:**

The Postal Service® may consider it valid evidence that a person is authorized to remove mail from the box if that person possesses a key or combination to the box.

c. Other Authorized Representative    d. Other Authorized Representative

Corey William    Karlton Fleming

17. Box or Caller Number to Which This Card Applies

18. Will this box be used for Express Mail® reshipment? *(Check one)*

a. Yes ☐    b. No ☐

20. Post Office Date Stamp

19. Signature of Applicant *(Same as Item 3).* I agree to comply with all Postal Service® rules regarding Post Office box or caller services.

Brenda Fleming

**WARNING:** The furnishing of false or misleading information on this form or omission of material may result in criminal sanctions (including fines and imprisonment) and/or civil sanctions (including multiple damages and civil penalties.) (18 U.S.C. 1001)

Use a separate form for each number or consecutive group of numbers, and type of service. File part 2 by box or caller number.

PS Form **1093**, July 2007 *(Detached from Page 1 of 2) (PSN 7530-02-000-7165)*

---

# Application for Post Office Box or Caller Service – Part 1

Customer: Complete items 1, 3-6, 14-16, and 18-19.

Post Office: Complete items 2, 7-13, 17 and 20.

1. Name(s) to Which Box Number(s) Is (are) Assigned

Brenda Fleming

2. Box or Caller Numbers

622

_____ through _____

3. Name of Person Applying, Title *(if representing an organization),* and Name of Organization *(if Different From Item 1)*

4a. Will This Box Be Used for:
- ☐ Organization/Business Use
- ☐ Residential/Personal Use *(Required)*

4b. Email Address *(Optional)*

5. Address *(Number, street, apt. no., city, state, and ZIP Code™). When address changes, cross out address here and put new address on back.*

Thpdo

6. Telephone Number *(Include area code)*

7. Date Application Received  9-30-08

8. Box Size Needed

9. ID and Physical Address Verified by *(Initials)*

10. Dates of Service

_____ through _____

11. Two types of identification are required. One must contain a photograph of the addressee(s). Social Security cards, credit cards, and birth certificates are unacceptable as identification. Write in identifying information. Subject to verification.

12. Check Eligibility for Carrier Delivery
a. City  b. Rural  c. HCR  d. None

14. List name(s) of minors or names of other persons receiving mail in individual box. Other persons must present two forms of valid ID. If applicant is a firm, name each member receiving mail. Each member must have verifiable ID upon request. *(Continue on reverse side.)*

13. Service assigned
a. Box  b. Caller  c. Reserve No.

15. Signature of Applicant *(Same as Item 3).* I agree to comply with all Postal Service® rules regarding Post Office box or caller services.

Brenda Fleming

**WARNING:** The furnishing of false or misleading information on this form or omission of information may result in criminal sanctions (including fines and imprisonment) and/or civil sanctions (including multiple damages and civil penalties.) (18 U.S.C. 1001)

Use a separate form for each number or consecutive group of numbers, and type of service. File part 1 alphabetically by customer's name.

PS Form **1093**, July 2007 *(Page 1 of 2) (PSN 7530-02-000-7165)*

EATMON-000211