SHAUN KHOJAYAN (#197690)
ALEEN KHOJAYAN (#249329)
LAW OFFICES OF SHAUN KHOJAYAN
 & ASSOCIATES, P.L.C.
515 S. Flower Street, 19th Floor
Los Angeles, CA 90071
Tel.: (310) 274-6111
Fax: (310) 274-6211
Email: shaun@khojayan.com
Attorneys for Defendant Eatmon

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMIRON EMANUEL EATMON,<br><br>Defendant. | Case No.: 3:21-cr-02316-DMS<br><br>NOTICE OF MOTION AND DEFENDANT EATMON'S MOTION TO SUPPRESS ALL EVIDENCE OBTAINED FROM THE ILLEGAL BORDER SEARCH AND ALL FRUITS OF THAT EVIDENCE<br><br>(Motion No. 4)<br><br>Hearing Date: January 27, 2023<br>Time: 11:00 a.m. |

PLEASE TAKE NOTICE that on January 27, 2023, at 11:00 a.m., or on any date and time as the Court may order, in Courtroom 13A the above-captioned Court, United States Courthouse, 333 W. Broadway, San Diego, CA 92101 before the Honorable Chief Judge Dana Sabraw, defendant Jamiron Eatmon moves for an order to suppress all evidence seized from the illegal border search and all fruits of that evidence.

This motion is based on the 4th Amendment to the United States Constitution, the files and records in this case, the following Memorandum of Points and Authorities, and any additional arguments that may be presented at or before the hearing on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Mr. Eatmon was arrested on an arrest warrant at the San Ysidro Port of Entry on July 14, 2021 on three counts of possession with intent to distribute controlled substances. Before his arrest, agents investigated Mr. Eatmon and secured a search warrant to track Mr. Eatmon in June 2021 based on the false allegations that he was a fugitive that needed to be immediately arrested. Despite tracking him through his phone in the United States for several weeks, the agents made no attempts to arrest him. The agents also knew Mr. Eatmon would sometimes go back and forth from San Diego to Mexico. Thus, the agents waited until Mr. Eatmon was crossing back from Mexico and, through a Department of Homeland Security's Traveler Enforcement Compliance System ("TECS") alert of his arrest warrant, had Customs and Border Patrol officers detain and conduct a border search of him, his car and belongings without the need for a warrant.

As a result, CBP officers searched Mr. Eatmon's car and seized his U.S. currency, Apple iPhone, System76 brand laptop and Apple MacBook.

All evidence obtained from the border search of Mr. Eatmon, his car and belongings on July 14, 2021 should be suppressed because the search was (1) based on a false and misleading complaint against Mr. Eatmon that resulted in the falsely obtained arrest warrant, and (2) the border search was an illegal, pretextual border search because the search was conducted to further an existing domestic criminal investigation – not for any of the allowable border search exception justifications.

## II. ARGUMENT

### A. The Searches of Mr. Eatmon and His Vehicle Were Based on the Falsely Obtained Complaint Against Mr. Eatmon and the Illegal Pretextual Border Search

For the sake of brevity, Mr. Eatmon incorporates by reference the arguments made in his Motion to Dismiss the Complaint and Information for Outrageous Government Misconduct, Lack of Probable Cause and Suppress Evidence from the Falsely Obtained Complaint. As explained in his Motion to Dismiss, the complaint and resulting arrest warrant were based on false and misleading information and there was insufficient probable cause to support that Mr. Eatmon had committed a crime (*e.g.*, the false representation that his identity was confirmed in the videos but leaving out that the person depicted was masked and impossible to identify).

As a result of that falsely obtained complaint and arrest warrant, Homeland Security Investigations agents entered Mr. Eatmon's name into a TECS alert with a request to detain and send Mr. Eatmon to secondary inspection upon his entry into the United States.

Based on the NCIC and TECS alert, on July 14, 2021, Customs and Border Patrol officers searched Mr. Eatmon's person and entire vehicle pursuant to a border search. As a result, CBP Officers seized from Mr. Eatmon's car his U.S. currency, Apple iPhone, System76 brand laptop and Apple MacBook. *See* Affidavit to iPhone Search Warrant attached as Exhibit A to Eatmon's Motion to Suppress Evidence from iPhone Search Warrant at 8.

All evidence seized as a result of the search must be suppressed, including all fruits of that evidence. *Wong Sun v. United States*, 371 U.S. 471, 484 (1963).

B. <u>The Border Search was Unlawful Because it was Used as a Pretext to Further An Ongoing Domestic Criminal Investigation Without Obtaining a Search Warrant</u>

The Fourth Amendment ensures "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV.

"In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." *Riley v. California*, 573 U.S. 373, 382 (2014).

One such exception applies at the international border where the Supreme Court recognized the federal government's substantial sovereign interest in "protection of the territorial integrity of the border," *United States v. Montoya de Hernandez*, 473 U.S. 531, 539 (1985). The federal government's sovereign interest also includes blocking "the entry of unwanted persons and effects," and to "regulate the collection of duties and to prevent the introduction of contraband into this country." *United States v. Flores-Montana*, 541 U.S. 149, 152-53 (2004).

Although this border search exception to the warrant requirement is broad, it is not boundless. The Supreme Court explained that certain searches may qualify as "nonroutine" and so require some level of individualized suspicion. *Flores-Montano*, 541 U.S. at 152.

The government also may not "invoke[] the border exception on behalf of hits generalized interest in law enforcement and combating crime." *United States v. Kolsuz*, 890 F.3d 133, 143 (4th Cir. 2018) (citing *United States v. Vergara*, 884 F.3d 1309, 1317 (11th Cir. 2018) (Pryor, J., dissenting) (relying on "general law

4.

Jamiron Emanuel Eatmon
3:21-cr-02316-DMS

enforcement justification" to approve evidentiary border searches would "untether the [border search exception] from its justifications"). *See also United States v. Ramsey*, 431 U.S. 606, 620 (1977) ("The border-search exception is grounded in the recognized right of the sovereign to control, subject to substantive limitations imposed by the Constitution, who and what may enter the country.").

A border search is valid "so long as the scope of the administrative search exception is not exceeded; *'once a search is conducted for a criminal investigatory purpose, it can no longer be justified under an administrative search rationale.'" United States v. McCarty*, 648 F.3d. 820, 831 (9th Cir. 2011) (quoting *United States v. $124,570 U.S. Currency*, 873 F.2d 1240, 1246 n.5 (9th Cir. 1989)) (emphasis added).

"[T]o prove that a stop is unreasonably pretextual, a defendant must show that the stop would not have occurred in the absence of an impermissible reason." *See United States v. Orozco,* 858 F.3d 1204, 1213 (9th Cir. 2017) (citation omitted) (internal quotation marks omitted).

Here, there is no reason to believe Mr. Eatmon would have been sent to secondary inspection and had his car and belongings searched and seized absent the agents' inclusion of an arrest warrant in the TECS system.

An inquiry into the actual motivations of the border official is permitted to guard against pretextual intrusions into the public's reasonable expectations of privacy. *See also City of Indianapolis v. Edmond*, 531 U.S. 32, 46-47 (2000); *United States v. Hellman*, 556 F.2d 442, 444 (9th Cir. 1977) (inventory search invalid because it was clear that the search was actually conducted for "an investigatory police motive" and officer testified that he instigated the impound specifically to "justify an investigatory search"); *see also United States v. Bulacan*, 156 F.3d 963, 967 (9th Cir. 1998) (because an "administrative search scheme invests the Government with the power to intrude into the privacy of ordinary

5.

citizens"—a power with "vast potential for abuse"—"courts must take care to ensure that an administrative search is not subverted into a general search for evidence of crime." (citations omitted)).

Here, the search and seizure of Mr. Eatmon, his car and his belongings at the border were non-routine in that they were done under the pretext of a border search to advance – impermissibly -- an existing domestic criminal investigation without first obtaining a warrant.

The agents unlawfully took advantage of the border search exception to gather evidence against him without a search warrant.

### III. CONCLUSION

Therefore, the search and seizure of Eatmon and his belongings due to the improper border search violated the Fourth Amendment and should be suppressed.

Respectfully submitted,

Dated:  January 12, 2023      s/Shaun Khojayan
                              s/Aleen Khojayan
                              Attorneys for Defendant Jamiron Eatmon

6.